UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO:  3:98-cr-166-J-33TEM

EARL PROCTOR
_____/

**ORDER**

Pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated an emergency, temporary sentencing guideline amendment lowering the base offense levels for cocaine base (crack cocaine) offenses for eligible defendants sentenced on or after November 1, 2010. A permanent amendment was subsequently promulgated, Amendment 750. That permanent amendment, which will become effective November 1, 2011, assigns the same quantities of crack cocaine to the same base offense levels as did the emergency, temporary amendment. On June 30, 2011, the Sentencing Commission decided that the reduced base offense levels assigned to the quantities of crack cocaine, listed in the Drug Quantity Table at USSG § 201.1 (c), should be applied retroactively to defendants sentenced before November 1, 2010. It appears that Defendant may be eligible for a sentence reduction in light of Amendment 750. Accordingly, the Court, acting on its own pursuant to 18 U.S.C. § 3582(c)(2), issues

the following directives:

1. The Office of the Federal Defender has been appointed to represent Defendant for the purpose of seeking a reduction of Defendant's original sentence. (Doc. # 907). The Office of the Federal Defender shall file a notice of appearance, a notice of conflict, or a notice that Defendant is not eligible for the services of the Federal Defender by October 28, 2011. If a notice of conflict is filed, the Court may appoint CJA counsel to represent Defendant. This appointment of counsel does not deprive Defendant of the right to retain private counsel should he/she have the financial resources to do so.

2. The United States Attorney's Office shall cause a notice of appearance to be entered on behalf of the Government by October 28, 2011.

3. The United States Probation Office shall provide this Court, Defendant's counsel, and Government counsel with a supplemental presentence report as soon as reasonably practicable, subject to an extension of time upon request by the Probation Office. The supplemental report shall address the issues of whether Defendant is eligible for a reduction of his/her sentence, and, if so, whether Defendant is suitable for such a sentence reduction pursuant to the provisions of the Amendment and U.S.S.G. § 1B1.10, which becomes effective

on November 1, 2011. If the Probation Office determines that Defendant is eligible for a reduction of sentence, the supplemental report shall specifically include the following: (a) a proposed calculation of the new guideline range or the percentage below the guideline range as appropriate; (b) a report on the institutional adjustment of Defendant as it becomes available from the Bureau of Prisons; (c) a report on the danger of Defendant to the public based upon information made available by the Bureau of Prisons; (d) a report on the post-release plans of Defendant; and (e) Defendant's place of incarceration and whether that facility has video conferencing ability. If the Probation Office is of the opinion that Defendant is not eligible for a sentence reduction, the supplemental report shall state the basis for that determination.

4. Defendant's counsel and the Government shall file a response to the Probation Office's supplemental report no later than November 1, 2011, subject to an extension of time upon request. Prior to filing their responses, counsel shall confer personally in a good faith effort to resolve any disputes with regard to Defendant's eligibility and suitability for a sentence reduction and shall include in their responses the issues upon which they agree or disagree.

In the event counsel agree upon the appropriate disposition of the matter, they shall file a joint stipulation to that effect.

5. Upon receipt of the Probation Office's report and counsels' responses or joint stipulation, the Court will either issue an order based on the supplemental report and responses or joint stipulation, or convene a hearing.

6. In the event the Court rejects counsels' joint stipulation as the appropriate disposition of the matter, the Court will enter an order advising counsel of that fact and will allow counsel an additional period of time to supplement their responses before deciding the merits of the motion either on the written submissions or by way of a hearing.

7. Defendant is relieved of the responsibility of filing a separate motion requesting a sentencing reduction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of October, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Earl Proctor
Patricia Barksdale, Esq.
Rosemary Cakmis, Esq.
U.S. Probation Office
Bureau of Prisons
U.S. Marshal's Office